**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARNER BROS ENTERTAINMENT, INC., a Delaware corporation; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> THE GLOBAL ASYLUM, INC., a California corporation, DBA The Asylum, <br><br> Defendant - Appellant. | No. 13-55352 <br><br> D.C. No. 2:12-cv-09547-PSG-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 7, 2013
Pasadena, California

Before: FERNANDEZ, PAEZ, and HURWITZ, Circuit Judges.

Defendant The Global Asylum, Inc. ("Asylum") appeals the district court's

order granting Plaintiffs Warner Brothers Entertainment, Inc., New Line

Productions, Inc., Metro-Goldwyn-Mayer Studios, Inc., Saul Zaentz Company, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

New Line Cinema, LLC's (collectively "Studios") motion for a preliminary injunction.

1.     "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The district court found that all four *Winter* elements were met.

2.     On appeal, Asylum challenges only the district court's ruling that the Studios are likely to succeed on their trademark infringement claim under 15 U.S.C. § 1114. Specifically, Asylum argues that the district court applied an erroneous legal standard in rejecting Asylum's nominative fair use defense. Asylum also argues that the district court's injunction is overbroad and that, instead of granting a prohibitory injunction, the district court should have ordered Asylum to modify its use of the protected marks so that Asylum's uses would qualify as lawful fair uses.

3.     The district court did not apply an erroneous legal standard in rejecting Asylum's nominative fair use defense. Asylum argues that the characters in its movie are based on members of the real species *homo floresiensis*, and that its characters are not Tolkien's fantasy hobbit characters, the Studios' product.

Asylum contends that members of the species *homo floresiensis* were nicknamed "Hobbits" by scientists and journalists in reference to Tolkien's characters. The district court properly recognized that a nominative fair use defense is not available because Asylum used the "Hobbit" mark in the title *Age of the Hobbits* to refer to Asylum's product and not the Studios' product. *See E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1099 (9th Cir. 2008) (holding that "[s]ince [defendant] did not use the trademarked logo to describe [plaintiff's] strip club, . . . the nominative fair use defense does not apply in this case" (citation omitted))); *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992) ("If the defendant's use of the plaintiff's trademark refers to something other than the plaintiff's product, the traditional fair use inquiry will continue to govern.").

4.      Asylum's argument that the district court's injunction is overbroad and that the court should have crafted the injunction to allow Asylum to use the Studios' marks in such a manner so that they would qualify as lawful fair uses also fails. Asylum cites *Toyota Motor Sales, U.S.A., Inc. v. Tabari* for the proposition that: "If [a] nominative use does not satisfy all the *New Kids* factors, the district court may order defendants to modify their use of the mark so that all three factors are satisfied; it may not enjoin nominative use of the mark altogether." 610 F.3d

3

1171, 1176 (9th Cir. 2010). Here, however, Asylum did not propose to the district court or this court specific language or suggestions regarding how the injunction should be modified to allow nominative use of the protected trademarks while prohibiting Asylum's infringing uses. Accordingly, the district court did not abuse its discretion in granting the preliminary injunction as requested by the Studios instead of tailoring it to authorize permissible nominative fair use of the protected marks.

**AFFIRMED.**